[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12275
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 1, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20020-CR-WMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGER JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 1, 2009)

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

This case is before the court upon remand from the United States Supreme Court for further consideration in light of Flores-Figueroa v. United States, 556 U.S. __, 129 S. Ct. 1886 (2009). Roger Joseph appealed his convictions for, inter alia, transferring and possessing a means of identification of another person, i.e., aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts 5-7). In his appeal, Joseph argued that the Government should have been required to prove that he knew that the means of identification at issue in Counts 5-7 belonged to actual people. He acknowledged that our precedent in United States v. Hurtado, 508 F.3d 603, 609-10 (11th Cir. 2007), cert. denied, 128 S.Ct. 2903 (2008), foreclosed this argument.

The aggravated identity theft provision requires an enhanced sentence of two years of imprisonment if a person "during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person. . . ." 18 U.S.C. § 1028A(a)(1). In Flores-Figueroa, the Supreme Court overruled Hurtado and stated that as a matter of English grammar and criminal statutory interpretation, "'knowingly' is naturally read as applying to all the subsequently listed elements of the crime." 129 S.Ct. at 1890-91. Therefore, the Court held that to be sentenced under 18 U.S.C. § 1028A(a)(1), which applies to a person who (while committing

2

other enumerated crimes[1]) "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person," a person must have known that the "means of identification" they possessed belonged to "another person." Id. at 1888.

Here, the Government did not show that Joseph had the requisite knowledge. Therefore, we reverse his conviction for violating § 1028A, vacate his sentence for violating § 1028A, and remand to the district court for resentencing, consistent with Flores-Figueroa and this opinion.

REVERSED in part, VACATED and REMANDED.

---

[1] Those other predicate crimes are listed in § 1028A(c). In other counts, Joseph was convicted of violating predicate crimes referenced in § 1028A. In his appeal in this case, Joseph mounted only one challenge to his convictions of these predicate crimes, a challenge that we rejected in our now vacated previous opinion. For the reasons stated in our previous opinion, we again reject that challenge, and reinstate that portion of our prior opinion. Accordingly, the judgment of the district court with respect to these predicate crimes is affirmed.